1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD EUGENE JAMES,                        No.  2:24-cv-0063 CKD P

12                 Plaintiff,

13         v.                                     ORDER

14    COUNTY OF SACRAMENTO, et al.,

15                 Defendants.

16

17         Plaintiff is a Sacramento County Jail pretrial detainee proceeding pro se and seeking relief

18    pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19    pursuant to 28 U.S.C. § 636(b)(1).

20         Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                                    1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

6    Plaintiff's claims center around the release of at least some of his medical records from

7    some unidentified person at the Sacramento County Jail to attorney Nicole Cahill.  Ms. Cahill

8    works for the law firm Longyear & Larva and represents Sacramento County Jail employees,

9    including medical professionals, in James v. County of Sacramento, 2:22-cv-2193 DAD JDP, a

10   case pending in this court.  Plaintiff identifies three defendants:  the County of Sacramento, D.

11   Longyear, and Ms. Cahill.

12   As for the County of Sacramento, municipalities cannot be held vicariously liable under §

13   1983 for the actions of their employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691,

14   694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by

15   its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

16   inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

17   Plaintiff fails to point to anything suggesting that any of his federal rights were violated through

18   execution of a County of Sacramento policy or custom.

19   Plaintiff also fails to point to anything suggesting Longyear violated any of his rights.

20   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

21   connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S.

22   362 (1976), and plaintiff fails to point to any such link or connection with respect to Longyear.

23   As to Ms. Cahill, apparently, she obtained and reviewed some of plaintiff's medical

24   records from the Sacramento County Jail.  Plaintiff fails to show how this amounts to a violation

25   of any federal right.  Plaintiff asserts a violation of the Fourth Amendment, but that is not the case

26   as the records of the Sacramento County Jail do not belong to him, but to Sacramento County.

27   /////

28   /////

2

1    Plaintiff asserts violations of California's Constitution, but the court would not have

2 jurisdiction over a claim arising under California law unless the claim is sufficiently related to a

3 cognizable federal claim.  28 U.S.C. § 1367.

4    Plaintiff also makes reference to "HIPPA" in his complaint but does not identify

5 specifically how his rights under the Health Insurance Portability and Accountability Act were

6 violated.  Furthermore, HIPAA does not provide for a private right of action.  Webb v. Smart

7 Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007).  Plaintiff is not permitted to

8 bring a claim in a district court for a violation of HIPPA.

9    For all of the foregoing reasons, plaintiff's complaint fails to state a claim upon which

10 relief can be granted.  Therefore, the complaint will be dismissed.  Plaintiff will be given one

11 opportunity to state a claim upon he can proceed in an amended complaint.  Plaintiff is informed

12 that the court cannot refer to a prior pleading to make plaintiff's amended complaint complete.

13 Local Rule 220 requires that an amended complaint be complete in itself without reference to any

14 prior pleading.

15    In accordance with the above, IT IS HEREBY ORDERED that:

16    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 5 & 7) is

17 granted.

18    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

19 shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff

20 filed concurrently herewith.

21    3.  Plaintiff's complaint is dismissed.

22    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

23 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

24 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

25 number assigned this case and must be labeled "Amended Complaint."  Failure to file an

26 /////

27 /////

28 /////

1   amended complaint in accordance with this order will result in a recommendation that this action

2   be dismissed.

3   Dated:  February 21, 2024

4                                                                 _____
                                                                  CAROLYN K. DELANEY
5                                                                 UNITED STATES MAGISTRATE JUDGE

6

7

8   1

9   jame0063.14

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                   4